## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *Michael L . Paoletta* | : | |
| *Plaintiff,* | : | |
| | : | |
| *v.* | : | **CIVIL NO: 04-1342** |
| | : | |
| *Sherman Acquisition, L.P., Stock &* | : | |
| *Grimes, LLP, Ressler & Ressler, P.C.* | : | |
| *Edward Stock, Esquire, Francis Grimes,* | : | |
| *Esquire* and *Paul Ressler, Esquire,* | : | |
| *Defendants* | : | |

### COMPLAINT

### I.    UNLAWFUL DEBT COLLECTION PRACTICES

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S.  § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II.    JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C.  § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.    PARTIES

4.      Plaintiff, Michael L. Paoletta (hereinafter referred to as "Plaintiff Paoletta") is a natural person residing in 1771 South Meadow Drive, Mechanicsburg, Pa. 17055.

5.      Defendant, Sherman Acquisition, L.P. (hereinafter referred to as "Sherman Acquisition") c/o Ressler & Ressler, P.C., 804 West Avenue, Jenkintown, PA 19046, based upon information and believe is allegedly the purchaser and/or assignee of a debt allegedly due Sears, Roebuck and Co. and/or Sears National Bank (hereinafter referred to as "Sears").

6.      Defendant Sherman Acquisition is not licensed to do business in the Commonwealth of Pennsylvania and is not registered with the Pennsylvania Department of State. A copy of the PA **Department of State Name Search** is attached as ***Exhibit "A."***

7.      Defendant, Stock & Grimes, LLP (hereinafter referred to as "Stock & Grimes"), is a law firm operating as a limited liability partnership engaged in the business of collecting debt in this state with its principal place of business located at 804 West Avenue, Jenkintown, PA 19046. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

8.      Defendant, Ressler & Ressler, P.C. (hereinafter referred to as "Ressler & Ressler"), is a law firm operating as a professional corporation engaged in the business of collecting debt in this state with its principal place of business located at 804 West Avenue, Jenkintown, PA 19046. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

9.      Defendant, Edward Stock, Esquire (hereinafter referred to as "Edward Stock"), is a natural person employed by, hired by and/or otherwise works for and/or on behalf of by Defendant Stock & Grimes and/or Defendant Ressler & Ressler as a collector at all times relevant to this Amended Complaint.

10.     Defendant, Francis Grimes, Esquire (hereinafter referred to as "Francis Grimes"), is a natural person employed by, hired by and/or otherwise works for and/or on behalf of by Defendant Stock & Grimes and/or Defendant Ressler & Ressler as a collector at all times relevant to this Amended Complaint.

11.    Defendant, Paul Ressler, Esquire (hereinafter referred to as "Paul Ressler"), is a natural person employed by, hired by and/or otherwise works for and/or on behalf of by Defendant Stock & Grimes and/or Defendant Ressler & Ressler as a collector at all times relevant to this Amended Complaint.

12.    Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    FACTUAL ALLEGATIONS

13.    At all pertinent times hereto, Defendants were hired to collect a debt relating to medical services that were allegedly originally owed to Sears, Roebuck and Co. and/or Sears National Bank (hereafter the alleged "debt").

14.    The debt at issue arises out of an alleged transaction, which was primarily for personal, family or household purposes.

15.    On November 30, 2001, Plaintiff Paoletta served a certified mailed letter of dispute to Sears disputing the alleged debt. A copy of the **November 30, 2001 Paoletta dispute letter to Sears** is attached as ***Exhibit "B."***

16.    Sears has failed to respond and validate the alleged debt.

17.    On September 22, 2003, Dennis E. Henry, Esquire of Frederick J. Hanna & Associates on behalf of defendant Sherman Acquisition wrote a collection or "dunning" letter to Plaintiff Paoletta advising him that Sherman Acquisition had purchased the alleged debt from Sears with a validation notice. A copy of the **September 22, 2003 Henry letter of notification of claimed purchase** of the alleged debt is attached as ***Exhibit "C."***

18.    On September 26, 2003, Plaintiff Paoletta served by fax a letter of dispute and cease and desist to Frederick J. Hanna, Larry Butler and Shattari Moody of Frederick J. Hanna & Associates disputing the alleged debt and requested to be provided with verification of Sears of account including but not limited to executed promissory note on the account, executed negotiable instruments on the account, contract between Sears and Paoletta on the account and accounting ledgers on

the account. A copy of the **September 26, 2003 Paoletta dispute letter to Sears** is attached as ***Exhibit "D."***

19.     Neither Sherman Acquisition and/or anyone acting on its behalf has responded and/or validated the alleged debt.

20.     Notwithstanding the timely service of a dispute to the alleged debt and cease and desist and the failure to validate the alleged debt, defendant Sherman Acquisition by and through defendants Edward Stock, Esquire on behalf of defendant Ressler & Ressler filed and served a Civil Complaint in Magisterial District Court, 09-3-05, in Mechanicsburg, Cumberland County, PA seeking to collect the alleged debt. A copy of the **Magisterial District Civil Complaint** is attached as ***Exhibit "E."***

21.     Plaintiff Paoletta notified the Magisterial District Court, 09-3-05, of his intention to defend and a hearing regarding the alleged debt was scheduled for March 18, 2004.

22.     Thereafter, on February 24, 2004, defendants Edward Stock and Stock & Grimes, without the required mini Miranda notice or validation notice, wrote, Plaintiff Paoletta expressing an interest in amicably resolving the alleged debt as follows:

> The District Court has advised me that you intend to present a defense at the scheduled hearing on March 18, 2004 in regard to the above matter.
>
> ***I would appreciate your contacting me at your earliest convenience so that we may discuss this matter in further detail. I am hopeful that we can reach an amicable resolution of this matter to avoid the necessity for our having to attend the hearing.*** (*Emphasis added.*)

A copy of the **February 24, 2004 Edward Stock / Stock & Grimes letter** is Attached as ***Exhibit "F."***

23.     As the result of the failure of defendants Sherman Acquisition and/or any of its counsel, Edward Stock, Stock & Grimes and Ressler & Ressler, to attend the scheduled hearing in Magisterial District Court, 09-3-05, on March 18, 2004 before District Judge Gayle A. Elder, the civil case was dismissed on March 19, 2004 and a

Notice of Judgment was entered in favor of Plaintiff Paoletta. A copy of the **Notice of Judgment/Transcript Civil Case** is attached as *Exhibit "G."*

24.     Based on information and belief, Defendants Sherman Acquisition, Edward Stock, Stock & Grimes and Ressler & Ressler never intended to attend and prosecute the civil case against Plaintiff Paoletta with the intent to misuse the Court System to annoy, harass, oppress and abuse Plaintiff Paoletta in an attempt to coerce payment of the alleged debt.

25.     On or about January 14, 2004, John, an employee of defendants Stock & Grimes and/or Ressler & Ressler made remarks to Plaintiff Paoletta which confused him regarding the threaten use of a Sheriff by telling that "We will send the Sheriff to your home[.]" before validation of the alleged debt.

26.     After not prosecuting the Civil case against Plaintiff Paoletta before Magisterial District Court, 09-3-05, on March 29, 2004 Defendants Sherman Acquisition, Edward Stock, Stock & Grimes and Ressler & Ressler appeal the District Justice Judgment and filed a Civil Complaint setting forth an identical claim to that filed in the Magisterial Court in action entitled *Sherman Acquisition Limited Partnership, as assignee of Sears c/o Ressler & Ressler, P.C. v. Michael L. Paoletta*, C.C.P., Cumberland Co., PA, No. 04-1342. A copy of the **Complaint** is attached as *Exhibit "H."*

27.     Plaintiff Paoletta filed Preliminary Objections to the Complaint, which amongst other issues raise and assert the failure to attach and establish existence of a valid and lawful contract between Sears and Paoletta, lack of validation of the alleged debt, lack of standing to file lawsuit, violation of the UCC and violation of constitutional rights which are still outstanding. A copy of the **Preliminary Objections to the Complaint** is attached as *Exhibit "I."*

28.     Defendants acted in a false, deceptive, misleading and unfair manner annoying, harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting him with the intent to annoy, abuse, and harass such person contacted.

29.   Defendants knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review their actions to insure compliance with said laws.

30.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

31.   At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff Paoletta.

32.   As a result of Defendants' conduct, Plaintiff Paoletta has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

### V.   CLAIM FOR RELIEF

33.   Plaintiff incorporates herein by reference paragraphs 1 through 32, inclusive, of this Amended Complaint as though they were set forth at length.

34.   Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35.   Plaintiff Paoletta is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36.   The above contacts made between the Plaintiff Paoletta and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37.   Defendants violated the FDCPA, which violations include, but are not limited to violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2), 1692d(1), 1692d(5), 1692e, 1692e(2)(a)(b), 1692e(3), 1692e(4), 1692e(5), 1692e(8),1692e(10), 1692e(11),

1692e(13) and 1692f, 1692g and 1692i as evidenced by the following conduct:

        a.    Making false representation of the character, amount, or legal status of any debt allegedly owed by Plaintiff Paoletta;

        b.    Making false representation of any service rendered or compensation, which may be lawfully received by any debt collector for the collection of a debt;

        c.    Failing to produce any original documents of the alleged debt including actual existence of a promissory note by representing to have original documentations when in fact they could not be produced;

        d.    Making false representation that Sherman Acquisition, L.P., as Assignee of Sears, when it is not the holder in due course of the alleged debt;

        e.    Making false representation that Sherman Acquisition, L.P., as Assignee of Sears, actually purchased any alleged debt from Sears;

        f.    Making false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney;

        g.    Placing false and derogatory   information on Plaintiff Paoletta's credit report on a debt, which remains in dispute;

        h.    Threatening legal action during the debt validation request period in a manner that over shadowed the notice of validation rights and would create confusion for the least sophisticated consumers about their rights;

        i.    Failing to provide verification of the debt and continuing its debt collection efforts after the Plaintiff had disputed the debt within thirty days of receiving first notice;

        j.    Making false representation regarding ability to bring suit when no legal standing exists to bring this action;

        k.    Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the plaintiff;

        l.    Engaging in conduct the natural consequence of which is to annoy, harass, oppress, or abuse any person in connection with the collection of a debt;

        m.    Causing a telephone to ring or engaging any person in conversation

repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

n.      Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

38.      Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff Paoletta's rights under the law and with the purpose of coercing him to pay the alleged debt.

39.      As a result of the foregoing violations of the FDCPA, defendants are liable to Plaintiff Paoletta in the sum of his actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Michael L. Paoletta respectfully requests that judgment be entered against defendants Sherman Acquisition, L.P., Stock & Grimes, LLP, Ressler & Ressler, P.C., Edward Stock, Esquire, Francis Grimes, Esquire and Paul Ressler, Esquire for the following:

(a)      That an order be entered declaring that the Defendants' actions as described above are in violation of the FDCPA;

(b)      That an order be entered enjoining Defendants from continuing to communicate with plaintiff in violation of the FDCPA;

(c)      That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d)      That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e)      That the Court award costs and reasonable attorney's fees pursuant to U.S.C. §1692k(a)(3); and

(f)      That the Court grant such other and further relief as may be just and proper.

## VI.      SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FCEUA AND UTPCPL

40.      Plaintiff incorporates herein by reference paragraphs 1 through 39, inclusive, of this Amended Complaint as though they were set forth at length.

41.      Defendants are a "debt collector" as defined by 73 P.S. § 2271.3 of the

FCEUA.

42.    Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

43.    The above contacts made between the Plaintiff and Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

44.    Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendants' violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4, as evidenced by the following conduct:

(a)    Threatening legal action and telling the Plaintiff that, "We will send the Sheriff to your home" while speaking of an alleged debt that was in dispute and Defendants had yet to verify;

(b)    Continuing to use Plaintiff's telephone as a means of harassment by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy Plaintiff even after Plaintiff expressed his rights to any further communications be made in writing to him;

(c)    Falsely representing that the alleged debt was not in dispute subsequent to the mailing of Plaintiff correspondence to Defendants disputing said debt and requesting validation of the same; and

(d)    Knowingly reporting false and inaccurate information to the credit bureaus about Plaintiff including the failure to communicate that the debt was disputed.

45.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff Paoletta's rights under the law and with the purpose of coercing him to pay the alleged debt.

46.    As a result of the foregoing violations of the FCEUA and UTPCPL, Plaintiff Paoletta has suffered ascertainable losses entitling him to an award of actual, statutory and treble damages and attorney's fees and costs.

**WHEREFORE,** Plaintiff Michael L. Paoletta respectfully pray that relief be granted as follows:

(a)    That judgment be entered against the Defendants for actual damages pursuant to 73 P.S. § 201-9.2(a);

    (b)    That judgment be entered against the Defendants for statutory damages pursuant to 73 P.S. § 201-9.2(a);

    (c)    That judgment be entered against the Defendants for treble damages pursuant to 73 P.S. § 201-9.2(a);

    (d)    That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

    (e)    That the Court grant such other and further relief as may be just and proper.

## VII.   DEMAND FOR JURY TRIAL

47.    Plaintiff Michael L. Paoletta demands trial by jury on all issues so triable.

Respectfully submitted,

**ALTMAN LAW & ASSOCIATES, p.c.**

Date: May 31, 2005

By: _____
**JONATHAN F. ALTMAN, ESQUIRE**
Attorney Id. No.:  25679
500 East Lancaster Avenue, Suite103
Paoli, PA 19301
Tele:  610.647.8680
Fax:  610.647.6520

Attorney for Plaintiff
**Michael L. Paoletta**

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*Michael L. Paoletta*             :
      *Plaintiff,*           :
                  :
                  :
      *v.*            :   **CIVIL NO: 04-1342**
                  :
*Sherman Acquisition, L.P., Stock &*   :
*Grimes, LLP, Ressler & Ressler, P.C.*   :
*Edward Stock, Esquire, Francis Grimes,*   :
*Esquire* and *Paul Ressler, Esquire,*   :
      *Defendants*          :

### CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and copy of the Amended Complaint on behalf of Plaintiff Michael L. Paoletta via U.S. first class upon the following individuals:

Jeffrey B. Albert, Esquire
McKissock & Hoffman, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
*via fax 215.246.2144*

Edward A.D. Schwartz, Esquire
McKissock & Hoffman, P.C.
2040 Linglestown Road
Harrisburg, PA  17110
*via fax 717.540.3434*

Andrew M. Schwartz, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin, P.C.
1845 Walnut Street
Philadelphia, PA 19103
*via fax 215.575.0856*

*ALTMAN LAW & ASSOCIATES, p.c.*

Dated:  May 31, 2005

By: _____
    JONATHAN F. ALTMAN, ESQUIRE

*EXHIBIT "A"*

Subj:
Date:       3/18/2005 3:59:30 AM Eastern Standard Time
From:       basketcase101@direcway.com
To:         mickpao@cs.com
Received from Internet: click here for more information


No Match for Sherman whatever it's called lol



## General Name Search

**DOS Homepage**

Request
* New Request

Free Search
* General Name Search
* Old Name Search
* Orphan Search

Please resolve the following and retry

No Matches Found

Entity #         _____

Entity Name   | Sherman Acquisition |

Search

### Notice to Our Users

The Department of State is in the process of upgrading the hardware and software that
Corporation Bureau. The Corporate Records and Uniform Commercial Code searchable v
are both affected. These upgrades will allow the Department to better serve our custom
increasing the efficiency of the services delivered. During this transition, you may notice
temporary anomalies with the Corporate Records and Uniform Commercial Code searcha
databases, including slower than expected responsiveness, inconsistent or incomplete d
unavailability of some services. The Department is aware of these issues and is working
resolve this matter as quickly as possible. Thank you for visiting the Corporation Bureau
appreciate your patience during this transition period, and we look forward to providing
better services to you in the very near future.

*EXHIBIT "B"*



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

COLUMBUS OH 43218

| | |
|---|---|
| Postage | $ $0.34 $2.10 |
| Certified Fee | $1.50 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ $3.94 |

$103
42

Postmark
Here

12/03/2001

Sent To   PAymenT CenTeR

Street, Apt. No.; or PO Box No.   P.D. Box   182149

City, State, ZIP+4   ColumBus, Ohio - 43218

PS Form 3800, May 2000          See Reverse for Instructions

7000 1530 0001 0192 9608

NON- NEGOTIABLE  NOTICE

FROM:  Michael Lynn  Paoletta
        1771 South Meadow Drive
        Mechanicsburg, Pa. 17055

        Certified Mail #  7000-1530-0001-0192-9608

RE:    06-61150-58102-2

DATE: November 30, 2001

To:    SEARS
        PAYMENT CENTER
        P.O. BOX 182149
        COLUMBUS, OHIO 43218-2149

NON-NEGOTIABLE, NON-TRANSFERABLE

Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt

RE:  MICHAEL L. PAOLETTA/ Card number 06-61150-58102-2

        Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.  1601.1692 et. seq,. this constitutes timely written notice that I dispute the entire amount of the alleged loan and that I decline to pay the attached erroneous purported debt Notice which is unsigned and unattested and which I discharge and cancel in its entirety, without dishonor, on the grounds of breach of contract, false representation, and fraud in the inducement.

        15 U.S.C.  1692 (e) states that a "false, deceptive, and misleading representation, in connection with the collection of any debt," includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.

        Such Notice omits information, which should have been disclosed, such as vital citations, disclosing the agency's jurisdictional and statutory authority.  Said Notice further contains false, deceptive and misleading representations, and allegations intended to intentionally pervert the tMMruth for the purpose of inducing one, in reliance upon such, to part with property belonging to them and to surrender certain substantive legal and statutory rights. To act upon this Notice would divest one of his/her property and their prerogative rights, resulting in a legal injury.

        Pursuant to 15 U.S.C.  1692(g)(4) Validation of Debts, if you have evidence to validate your claim that the attached presentment does not constitute fraudulent misrepresentation and that one owes this debt, this is a demand that, within thirty (30) days, you provide such validation and supporting evidence to substantiate your claim. Until the requirements of the Fair Debt Collection Practices Act have been met and your claim is validated, you have no jurisdiction to continue any collection activities.

9. According to the bank's bookkeeping entries, if the bank paid its debt associated with granting loans, could it pay the debt the borrower owes the bank?

10. According to the bank's policy, did the Borrower provide the bank with an asset, and the bank returned the value of that back to the same Borrower calling it a loan?

11. According to the bank's policy, does the bank act like a moneychanger, receiving an asset from the Borrower and returning the value of the asset back to the same Borrower and charging as if there was a loan?

12. What are all of the bookkeeping entries related to and associated with the bank transactions for these accounts?

13. According to the written agreement, was the Borrower to loan anything to the bank?

14. According to the written agreement, was the Borrower to give the bank anything of value of which the bank liabilities increased by the amount of what the bank received?

15. According to your understanding according to the written agreement, was there to be an exchange of equal value for equal value between the bank and the Borrower?

16. How can the bank's liabilities increase by the amount of the loan if they did not receive a deposit or a loan or an exchange from the Borrower?

17. If the bank is complying with the Federal Reserve Bank's policies and procedures when issuing credit and charging interest, is the Borrower's transaction account credited for the same amount borrowed, and is that the matching liability for the amount that is debited to the bank's asset account? (Federal Reserve Bank of Chicago, Modern Money Mechanics, p.6, and Two Faces of Debt, pp.17-19).

18. If "A deposit created through lending is a debt that has to be paid on the demand of the depositor, just the same as the debt arising from a customer's deposit of checks or currency in the bank." (Federal Reserve bank of Chicago, Two Faces of Debt, p.19), does that mean that the bank owes the Borrower for the deposits made in connection with loan transactions?

19. When granting loans, if the bank's liabilities did not increase, would the bank be in violation of the Federal Reserve Bank's policies and procedures? (Federal Reserve Bank of Chicago, Modern Money Mechanics,p.6, and Two Faces of Debtpp.17-19.)

20. If the bank does not repay "a deposit created through lending", would it be in violation of the Federal Reserve Bank's policies and procedures? (Federal Reserve Bank of Chicago, Modern Money Mechanics,p.6, and Two Faces of Debt,pp.17-19)

21. When a loan is not repaid, is the one who funded the loan damaged?

22. When the bank does not repay upon demand the deposit made by the Borrower, does it show that the policy and intent of the bank is to deny equal protection of the law and credit to the Borrower?

23. When the bank does not reveal the substance of the form of the loan agreement to the Borrower, does it show that the policy and intent of the bank is to deny full disclosure of the

36. Do you have personal knowledge that the bank disclosed that the Borrower's contract or promissory note (money) would be taken, recorded as an asset of the bank, without 'valuable consideration' given to obtain the note?

37. Do you have personal knowledge that the bank gave the Borrower a deposit slip as a receipt for the money the Borrower gave them, just as a bank would normally provide when making a deposit to a bank?

38. Since, pursuant to UCC 3-308, the burden of proof is on the party claiming under the signature, do you have personal knowledge of the validity of the signature if it is denied in the pleadings based on answers to above questions?

39. I Since, pursuant to UCC 3-602(b)(2), the obligation of a party to pay an instrument is NOT discharged if the person making the payment knows that the instrument is stolen, do you have personal knowledge that the instrument is or is NOT stolen?


You should be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law. You may wish to consult with a competent legal advisor before your next communication with me.


Your failure to respond on-point within thirty (30) days to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and legal fees.

I, Michael Lynn Paoletta, am the Secured Party Creditor and any communications sent to debtor MICHAEL L PAOLETTA without the express written consent of Secured Party Creditor, Michael Lynn Paoletta will bring criminal charges against all those involved unless communications involve answering an affidavit.

NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL

Sincerely,

*EXHIBIT "C"*

# Frederick J. Hanna & Associates

## Attorneys at Law

1655 ENTERPRISE WAY
MARIETTA, GA 30067

(770) 988-9055
FAX (770) 980-0528
TOLL FREE (800) 450-6575

FREDERICK J. HANNA
ELIZABETH C. WHEALLER
J. CURTIS TOOTLE, JR.
ROY D. REAGIN, JR.
DENNIS E. HENRY

September 22, 2003

03088758
MICHAEL L PAOLETTA
1771 S MEADOW DR
MECHANICSBURG PA 17055

**Re:   Current Creditor: Sherman Acquisition LP**
**Previous Creditor: Sears**
**Reference: 0661150581022**
**Balance: $2,681.15**

Dear MICHAEL L PAOLETTA

Please be advised that Sherman Acquisition LP has purchased the above referenced account from Sears. This law firm represents Sherman Acquisition regarding your dispute. Please contact this office in order that we may help you resolve this.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a Judgment and mail you a copy of such Judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Dennis E. Henry

DEH/new

"THIS IS A COMMUNICATION FROM A DEBT COLLECTOR"

*EXHIBIT "D"*

<u>NON-NEGOTIABLE, NON-TRANSFERABLE NOTICE</u>


FROM:  MICHAEL L.PAOLETTA
         1771 S/ MEADOW DR.
         MECHANICSBURG, PA. 127055

Certified Mail # 7003-1010-0000-8125-0806

RE:     03088758

DATE: SEPTEMBER 26, 2003


To:    FREDERICK J. HANNA & ASSOCIATES
       LARRY BUTLER
       SHATARI MOODY
       1655 ENTERPRISE WAY
       MATIETTA, GA. 30067


NON-NEGOTIABLE, NON-TRANSFERABLE NOTICE


PLEASE BE ADVISED THAT IT IS YOU, FREDERICK
HANNA ASSOCIATES, FRED HANNA, ESQUIRE, LARRY
BUTLER AND SHATARI MOODY THAT HAVE BROKEN
THE FAIR DEBT COLLECTION PRACITCES ACT AND THE
LETTER IN MY POSESSION WILL BE INTRODUCED AS
EVIDENCE IN FEDERAL COURT AGAINST ALL PARTIES
INVOLVED IF ILLEGAL ACTIVITY ARE NOT STOPPED.

<u>**I HAVE LISTED BUT A FEW OF THE VIALATIONS THAT
YOU WILL BE CHARGED IF YOU CONTINUE YOUR
CRIMINAL ACTIVITES AGAINST ME..**</u>

1

**In re:  Count One. Violations of the "Fair Debt Collection Act" 15 U.S.C. §1692 et seq. and others and not limited to this act: Disputed Debt; Validation of debts, section 1692g; False or Misleading representations, section 1692e; Abuse and Harassment, section 1692d; Unfair practices, section 1692f; Civil liability, section 1692k.**

**In re: Count Two: "Fair Credit Reporting Act. 15 U.S.C. §1681 et seq. Definitions: rules of construction, § 1681(a); (e) (b); §1681(a) (l) (a); §(n), §(o), §(p), §(s), §1681 (g), §(h), § (L), and §(J).**

**In re: Count Three: 12 CFR 226.17 (c) (1) of the Truth in Lending Law:**

**In re: Count Four: Mail Fraud: USCA TITLE 18 §1341.**

Dear FREDERICK HANNA & ASSOCIATES:

This *Actual Notice and Demand to Cease and Desist Any and All Debt Collection* is timely served upon you, FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY and or Debt Collector. You are in direct violation of the above said federal sections of Title 15 U.S.C.,[ and other laws] Commerce and Trade, and you can be prosecuted for your unfair debt collection practices, abuse and harassment, false or misleading representations, *ad nauseum.,* **as** you made it appear, by your misleading and false representation that FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY was directly representing FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY in the fraudulent attempt to collect this purported debt. Please be advised that I have served legal notice on FREDERICK

J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY
BUTLER AND SHATARI MOODY that I have disputed this
entire purported debt.

I have served upon SEARS two legal notice by certified mail and
they have ignored my legal right to debt verification. Not only did
they ignore my notices they failed to answer or challenge any of
my allegations. You can verify the legal documents served upon
SEARS by simply contacting the person that sold you fraudulent
documents. I would be more then happy to assist you in your legal
ramification against SEARS and I specifically demand that SEARS
not sell any fraudulently obtain negotiable instruments bearing a
likeness to my signature to anyone.

There are certain principles of law that protect ***alleged debtors***
from collection efforts of third party debt collectors. One of many
of these concepts involves the concept that anyone, including a
third party attorney debt collector AND/OR DEBT
COLLECTORS, lacks capacity to sue under the "Fair Debt
Collection Act," lacks contractual obligation and falls under the
old principle of law, "Scienti et volenti non fit injuria". If you
have a signed contract between us then please produce it within 30
days.

 SEARS AND FREDERICK J. HANNA & ASSOCIATES,
FREDERICK J. HANNA, LARRY BUTLER AND SHATARI
MOODY has violated MICHAEL L. PAOLETTA'S fiduciary
relationship and by ignoring that said mentioned legal documents I
am seeking complete restitution of damages caused by their illegal
activity.

AND NOW, I WILL ADDRESS YOUR ILLEGAL ACTIVITES
AND PLEASE BE ADVISED THAT YOU, FREDERICK J.
HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY
BUTLER AND SHATARI MOODY ARE IN VIOLATION OF

3

FEDERAL LAW.

**1601,1692 el seg..** This correspondence constitutes timely written notice to **inform** you **that your claim is also** disputed. The reasons are numerous, but I will mention just a few, fraud, misinformation, lack of good faith and a non-bona purchase on your behalf. Your letter contains a demand for payment based upon many false presumptions and false facts concerning the alleged purported debt. I must conclude that your presumption of accuracy concerning this purported debt is based upon fraudulent theory and fiction of law for criminal self enrichment. You must be aware that you, FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY, as a representative of FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY, have no legal and lawful authority. I hope that you or your employer, FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY is not trying to illegally conspiring to divest me of my property and/or assets and my unalienable rights to same and to defend same.

Third party debt collectors including attorney debt collectors (FREDERICK J. HANNA & ASSOCIATES are not immune from being charged for civil and criminal activities in violation of the "Fair Debt Collection Act" and other laws so detailed in this document. Third party debt collectors, including attorneys who masquerade as debt collectors are not immune from civil and criminal penalties under "Civil Rights Act violations and Title 18 United States Code, §§ 1961-1968 more commonly known as "RICO", and make no mistake and especially do not underestimate my ability and willingness to prosecute persons who commit fraud and other crimes upon the unsuspecting American people in direct violation of state and federal law for self enrichment.

Notice to the Principle **is** Notice **to** the Agent, **and** Notice to **the Agent is Notice to** the Principle.

4

In order for me to handle this matter, please substantiate that SHERMAN ACQUISTION LP has retained your services and that you are not acting ultre *virus* in collecting this purported alleged debt. You must have undisputable requisite knowledge of the facts and if you do not, you do not have authority to pursue collection activities against me.

I strongly recommend that FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY before attempting to contact me regarding this purported debt you must read, study and understand THE FAIR DEBT COLLECTION ACT, THE FAIR CREDIT REPORTING ACT, 15 U.S.C. 45 ET SEQ. FEDERAL TRADE COMMISSION WITH RESPECT TO CONSUMERS, U.S.C. 12 §1818 FEDERAL DEPOSIT INSURANCE ACTS, THAT GOVERN THE RECORDING OF DEMAND DEPOSITS, THE SECURITIES EXCHANGE COMMISSION PERTAINING TO FRAUDULENT NEGOTIABLE INSTRUMENTS AND ESPECIALLY TITLE 18 OF THE UNITED STATES CODE,§§1961-1968.


PLEASE TAKE NOTICE! YOU HAVE BEEN IN THE BUSINESS OF PURCHASING FRAUDULENT PAPER AND THROUGH THREAT AND MALIOUS USE OF THE LAW YOU HAVE PROBABLY MADE A VERY GOOD LIVING FROM STEALING MONEY FROM THE UNSUSPECTNG AMERICAN PEOPLE, HOWEVER THAT IS COMING TO A CLOSE!

- Understand the bookkeeping entries, [GAPP],
- Federal Reserve Banking laws and procedures,
- FDIC prison terms and fines for banking officials
- Accounts receivables and deposits,
- Read the alleged agreement,
- Conversion, fraud in the inducement, execution and factum,

You, FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY HAVE THIRTY DAYS TO VAILIDATE THIS PURPORTED DEBT ANSWERING THE FOLLOWING QUESTIONS.

1. Do you have the original or a copy of the purported negotiable signed instrument[s] and or other promissory notes? Please produce and answer under oath!

2. Does FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY have a Certified Public Accountant's validation under oath that SEARS actually funded the purported debt using SEARS' assets, capital, funds, money or money equivalent?

3. Does FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY KNOW THE DIFFERENCE BETWEEN A SIGNATOR AND A PERSON'S AUTOGRAPH?

4. Please produce the contract that exists between me and FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER AND SHATARI MOODY. PLEASE PRODUCE YOU'RE LAWYER'S I.D. NUMBER AND BONDING AGENT'S NAME, ADDRESS AND PHONE NUMBER?

5. I STRONGLY RECOMMEND THAT YOU REQUEST A COPY OF MY LEGAL DOCUMENTS THAT WERE SERVED ON SEARS AND REMEMBER THAT THEY APPLY TO YOU!

6. INFORM THE PERSON WHO SOLD YOU

FRAUDULENTLY OBTAINED NOTES THAT UNLESS
SEARS REMOVES THIS FRAUDULENT ACCOUNT
FROM MY CREDIT REPORT, I PLAN TO FILE
CHARGES IN THE COMMONS PLEAS COURT IN
DAUPHIN COUNTY, PENNSYLVANIA ON OCTOBER
15th, 2003 AT 3:00 P.M.

NOTICE TO ALL DEBT COLLECTORS, THE FEDERAL
RESERVE, THE GAME IS UP THE GAME IS OVER.

### DEMAND TO PRODUCE INSTRUMENTS

I hereby demand that you, FREDERICK J. HANNA &

ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER

AND SHATARI MOODY, acting on behalf of FREDERICK

J. HANNA & ASSOCIATES, produce the foundational

instruments with my bona fide consent making me liable for

the allegations in your letter and presumptions of law. I have

noticed SEARS by a "CEASE AND DECEASED DEMAND

UPON VAILADATION OF DEBT" and further advised that

selling my fraudulently obtained credit application and/or

7

other negotiable instrument(s) without my consent would be in

violation of state and federal law. My legal notice were ignored

and the fraudulent notes were sold. SEARS has yet to produce

any instruments that support any legal claim against me. This

demand is made pursuant to U.C.C. 3-501 of the current

national Uniform Commercial Code and the "Fair Debt

Collection Act." Said demand requires that SEARS and

FREDERICK J. HANNA & ASSOCIATES, FREDERICK J.

HANNA, LARRY BUTLER AND SHATARI MOODY

produce the bona fide material facts and law that support a

prima facie cause of action against me.

You have 30 days from the receipt hereof of this dispute notice

to respond affirmatively hereto by affidavit under penalty of

perjury, or said response will be forever waived and the facts

and conclusions of law set forth herein will become Absolute

8

and established forever *THAT YOU*, FREDERICK J. HANNA

& ASSOCIATES, FREDERICK J. HANNA, LARRY

BUTLER AND SHATARI MOODY will waive any response

thereto and be collaterally estopped in this alleged action

against *ME* forever with prejudice.


Notice is given that any attempt by any party, including any

employees of FREDERICK J. HANNA & ASSOCIATES,

FREDERICK J. HANNA, LARRY BUTLER AND SHATARI

MOODY to continue any criminal action against me without a

bona fide response under and not limited to "Fair Debt

Collection Act", Title 15 §1692, The Truth in Lending Laws

will be considered a malicious and purposeful bad faith

conduct and all parties will be subjected to a civil or criminal

action under Title 18 U.S.C. §§241 and 242; under Title 42

9

U.S.C. §§1983 and 1985; and under criminal and civil rights

violations; or other torts, trespasses, or libels including Title 18

U.S.C. §§1961-68 (RACKETEER INFLUENCED AND

CORRUPT ORGANIZATIONS ACT.)

 DO NOT CONTACT ME AGAIN WITH YOUR

MALICIOUS PROCEEDINGS WHICH IS BASED UPON

YOUR ILLEGAL ACTS.

I am formerly asking you, FREDERICK J. HANNA &
ASSOCIATES, FREDERICK J. HANNA, LARRY BUTLER
AND SHATARI MOODY to stop harassing me by phone or
mail under the FAIR DEBT COLLECTION ACT.

PLEASE BE ADVISED THAT I HAVE INFORMED MY
EXPERTS TO START LEGAL PROCEEDING AGAINST
ALL WHO HAVE VIALATED MY RIGHTS!

Thank you

MICHAEL PAOLETTA, aggrieved party


 cc. Citizens for Honest Money Reform

*EXHIBIT "E"*

# CIVIL COMPLAINT

COUNTY OF: CUMBERLAND

Magisterial District Number: 09-3-05

District Justice Name: Hon.  GAYLE A. ELDER

Address: BARCLAY BUILDING
     507 NORTH YORK STREET
     MECHANICSBURG, PA 17055

Telephone: 717-766-4575

**PLAINTIFF:**   NAME and ADDRESS

SHERMAN ACQUISITION LIMITED PARTNERSHIP
as assignee of SEARS
c/o Ressler & Ressler, P.C.
804 WEST AVENUE
JENKINTOWN, PENNSYLVANIA 19046

L

**VS.**

**DEFENDANT:**   NAME and ADDRESS

Michael L. Paoletta
1771 S Meadow Drive
Mechanicsburg, PA 17055

L

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ 76.00 | 1 /30 /2004 |
| POSTAGE | $ 6.50 | 1 /30/2004 |
| SERVICE COSTS | $ | / / |
| CONSTABLE ED. | $ | / / |
| TOTAL | $ | / / |

Docket No.: CV-19-04
Date Filed: 1/30/2004



---

**TO THE DEFENDANT: The above named plaintiff(s) asks judgment against you for $**  3,383.58   **together with costs upon the following claim (Civil fines must include citation of the statute or ordinance violated):**

The above named plaintiff(s), SHERMAN ACQUISITION LIMITED
PARTNERSHIP, as purchaser from and assignee of SEARS or any
other assignee that may have or have had any interest in
defendant's credit card account or any interest in any
obligation relating to such credit card account asks for
judgment against you for $3383.58, together with costs upon
the following claim:

UNPAID BALANCE OF DEFENDANT'S CREDIT CARD ACCOUNT NO.
0661150581022 IN THE SUM OF $3383.58

| | | |
|---|---|---|
| Balance | $ | 2,706. |
| Attorney Fee | $ | 676. |
| Total | $ | 3,383. |

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
## THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
## INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

I, EDWARD STOCK, ESQUIRE _____ verify that the facts set forth in this complaint are true and
correct to the best of my knowledge, information, and belief.  This statement is made subject to the penalties of
Section 4904 of the Crimes Code (18 PA. C.S.§ 4904) related to unsworn falsification to authorities.

(Signature of Plaintiff or Authorized Agent)

Plaintiff's
Attorney:   Ressler & Ressler, P.C. by
EDWARD STOCK, ESQUIRE            #13657    Address: 804 WEST AVENUE

Telephone: 215-576-8683            JENKINTOWN, PENNSYLVANIA 19046

---

**IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD NOTIFY THIS OFFICE IMMEDIATELY AT
THE ABOVE TELEPHONE NUMBER.  YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE.
UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within district justice jurisdiction and which you intend
to assert at the hearing, you must file it on a complaint form at this office at least five (5) days before
the date set for the hearing.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District
Court and its services, please contact the Magisterial District Court at the above address or telephone
number.  We are unable to provide transportation.

AOPC 308A-03

*EXHIBIT "F"*

*Law Offices*

*Stock & Grimes, LLP*

*804 West Avenue*

*Jenkintown, Pennsylvania 19046*

(215) 576-1900

*Edward Stock*
*Francis X. Grimes* *

* *Also Admitted in N.J.*

February 24, 2004

Mr. Michael L. Paoletta
1771 S. Meadow Drive
Mechanicsburg, PA 17055

      Re: Sherman Acquisition vs. Michael L. Paoletta
         District Court 09-3-05
         No.  CV-19-04

Dear Mr. Paoletta:

The District Court has advised me that you intend to present a defense at the scheduled hearing on March 18, 2004 in regard to the above matter.

I would appreciate your contacting me at your earliest convenience so that we may discuss this matter in further detail. I am hopeful that we can reach an amicable resolution of this matter to avoid the necessity for our having to attend the hearing.

                Very truly yours,

                EDWARD STOCK

ES:kd
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*EXHIBIT "G"*

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: __CUMBERLAND__

**NOTICE OF JUDGMENT/TRANSCRIPT**
**CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No.: | |
| **09-3-05** | |
| DJ Name: Hon. | |
| **GAYLE A. ELDER** | |
| Address: **507 N. YORK ST.** | |
| **MECHANICSBURG, PA** | |
| Telephone: (**717**) **766-4575**      **17055** | |

PLAINTIFF:        NAME and ADDRESS
**SHERMAN ACQUISITION LTD FOR SEARS**
**RESSLER&RESSLER**
**804 WEST AVENUE**
**JENKINTOWN, PA 19046**

VS.

DEFENDANT:        NAME and ADDRESS
**PAOLETTA, MICHAEL L**
**1771 S. MEADOW DRIVE**
**MECHANICSBURG, PA 17055**

**MICHAEL L. PAOLETTA**
**1771 S. MEADOW DRIVE**
**MECHANICSBURG, PA 17055**

Docket No.: **CV-0000019-04**
Date Filed:      **1/30/04**

**THIS IS TO NOTIFY YOU THAT:**          **PAOLETTA, MICHAEL L**                    **DEF    001**
Judgment:                                **DISMISSED W/O PREJUDICE**

[ ] Judgment was entered for:      (Name) _____

[ ] Judgment was entered against:  (Name) _____

in the amount of $ _____ on:      (Date of Judgment) _____

[ ] Defendants are jointly and severally liable.          (Date & Time) _____

[ ] Damages will be assessed on:

[x] This case dismissed without prejudice.

[ ] Amount of Judgment Subject to
    Attachment/42 Pa.C.S. § 8127 $ _____

[ ] Portion of Judgment for physical
    damages arising out of residential
    lease $ _____

| | | |
|---|---|---|
| Amount of Judgment | $ | **.00** |
| Judgment Costs | $ | **.00** |
| Interest on Judgment | $ | **.00** |
| Attorney Fees | $ | **.00** |
| **Total** | $ | **.00** |
| Post Judgment Credits | $ | |
| Post Judgment Costs | $ | |
| | | ============ |
| **Certified Judgment Total** | $ | |

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE
OF APPEAL WITH THE PROTHONOTARY/CLERK OF THE COURT OF COMMON PLEAS, CIVIL DIVISION.  YOU
MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR DISTRICT JUSTICES, IF THE JUDGMENT HOLDER
ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT
OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE DISTRICT JUSTICE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE
A REQUEST FOR ENTRY OF SATISFACTION WITH THE DISTRICT JUSTICE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES,
OR OTHERWISE COMPLIES WITH THE JUDGMENT.

**3/19/04** Date _____ _G. C. Elder_ _____ , District Justice

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____ Date _____ , District Justice

My commission expires first Monday of January, **2006** .                    SEAL

AOPC 315-03      **DATE PRINTED:      3/19/04    9:18:00 AM**

*EXHIBIT "H"*

STOCK & GRIMES, LLP                          Attorney for Plaintiff
BY: EDWARD STOCK, ESQUIRE
I.D.#   13657
804 West Avenue
Jenkintown, PA 19046
(215) 576-1900


SHERMAN ACQUISITION LIMITED
PARTNERSHIP, AS ASSIGNEE OF SEARS         COURT OF COMMON PLEAS
c/o Ressler & Ressler, P.C.               CUMBERLAND          COUNTY
804 West Avenue                           CIVIL ACTION-LAW
Jenkintown, PA 19046
          Plaintiff


          vs.

MICHAEL L. PAOLETTA                        NO. 04 - 1342  Civil Term
1771 S. Meadow Drive
Mechanicsburg, PA  17055

          Defendant(s)


## CIVIL ACTION

| "NOTICE" | "AVISO" |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted." |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUY A DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO  ARA AVERIGUAR DONDE SE PUEDE CONSE JIR ASISTENCI  LEGAL. |

LAWYER REFERENCE SERVICES
Court Administrator -- Cumberland County Courthouse
4th Floor, One Courthouse Square
Carlisle, PA  17013
(717) 240-6200

RESSLER & RESSLER, P.C.
By: Edward Stock, Esquire
I.D. #13657
804 West Avenue
Jenkintown, PA 19046
(215) 576-1900

Attorney for Plaintiff

SHERMAN ACQUISITION LIMITED
PARTNERSHIP, AS ASSIGNEE OF
SEARS
c/o Ressler & Ressler, P.C.
804 West Avenue
Jenkintown, PA 19046

COURT OF COMMON PLEAS
CUMBERLAND COUNTY
CIVIL ACTION-LAW

NO.

          Plaintiff


     vs.


MICHAEL L. PAOLETTA
1771 S. Meadow Drive
Mechanicsburg, PA 17055
          Defendant(s)

## CIVIL ACTION COMPLAINT

1. Plaintiff, Sherman Acquisition Limited Partnership, as purchaser from and
assignee of Sears, Roebuck and Co., or Sears National Bank or any other assignee that may
have or have had any interest in defendant's credit card account or any interest in any
obligation relating to such credit card account, with Sears, Roebuck and Co. acting as servicer
for Sherman Acquisition Limited Partnership, a limited partnership organized in Delaware,
with it's principal place of business in Texas, and duly authorized to do business in the
Commonwealth of Pennsylvania and, for purposes of this litigation, maintaining a place of
business c/o Ressler & Ressler, P.C., 804 West Avenue, Jenkintown, PA 19046.

2. Defendant, Michael L. Paoletta, is an adult individual, who presently resides at

1771 S. Meadow Drive, Mechanicsburg, PA 17055, in the County of Cumberland.

3. The Defendant purchased various merchandise and services from the Plaintiff on the following line of credit: Credit Card Account No. 0661150581022.

4. The Defendant has refused to pay, and now refuses to pay, the balance due and owing on the aforesaid account in the sum of $3,383.58, plus costs of this action.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendant, in the sum of $3,383.58, plus costs of this action.

RESSLER & RESSLER, P.C.

DATE: 3/25/04

BY _____
EDWARD STOCK, ESQUIRE

TRUE COPY FROM RECORD
In Testimony whereof, I here unto set my hand
and the seal of said Court at Carlisle, Pa.

Prothonotary

## VERIFICATION

EDWARD STOCK, ESQUIRE, Attorney for Plaintiff herein, verifies that the statements made in this Pleading are true and correct and that he is authorized to make them on behalf of the Plaintiff. He understands that the statements herein are made subject to the penalties of 18 Pa. C.S.A. Sec. 4904, relating to unsworn falsification to authorities.

EDWARD STOCK, ESQUIRE

*EXHIBIT "I"*

Attorney for Plaintiff
STOCK & GRIMES, LLP
By: Edward Stock, Esquire
I.D. #13657
804 West Avenue
Jenkintown, PA 19046
(215) 576-1900

SHERMAN ACQUISITION LIMITED

PARTNERSHIP, AS ASSIGNEE OF
SEARS
c/o Ressler & Ressler, P.C.
804 West Avenue
Jenkintown, PA 19046

       Plaintiffs

    vs.

MICHAEL L. PAOLETTA
1771 S. Meadow Drive
Mechanicsburg, PA 17055
       Defendant

COURT OF COMMON
     PLEAS
CUMBERLAND COUNTY
CIVIL ACTION-LAW


NO. 04-1342

Defendant files Preliminary
Objections under Pa. R.C.P.
1028 ; Correct Names of Party
under Pa. R.C.P 1033; and
Motion to Dismiss Plaintiff
Complaint.

1

NOW COMES Michael L. Paoletta, proceeding at least for the present in Propria Personam submits this Preliminary Objection , Correct Names of Party; and Motion to Dismiss Plaintiff's Complaint, and to expound upon the claim that the Plaintiff, (whoever he is) has failed to provide proof regarding the existence of a valid and lawful contract between the Plaintiff and the Defendant. On numerous occasions the Defendant has requested in writing that the Plaintiff and their counsel validate that an actual debt exists. The Defendant has also submitted, in writing, requests for validation under 15 USC §1692g and a series of questions and concerns to the Plaintiff regarding the substance of the alleged contract. To date, (first request more than three years ago) the Defendant has not received any answers addressing the concerns regarding the existence, substance and validity of the alleged loan contract. The economic effect of this alleged transaction has damaged the Defendant. The Defendant is seeking this Complaint be dismissed in its entirety with prejudice and that this Court grant a judgment in favor of the Defendant. This introduction paragraph brings forth the question of subject matter jurisdiction in this civil matter because the Plaintiff's Complaint is based upon deception, deceit, misleading information in direct violations of the "Fair Debt Collection Practice Act and other state and federal violations to be presented to this Court. The Plaintiff's claim is barred by the entire controversy doctrine, 2. fails to state a claim upon which relief can be granted, Plaintiff(s)(?) lacks proper standing to file this suit, 3. Plaintiff's claim fails because Plaintiff has violated the U.C.C. 4. Plaintiff claim fails because of illegality and the Statures of Fraud, 5. Plaintiff's claim fails because of equitable and promissory estoppel,

2

6. Plaintiff has violates Defendants Constitutional rights, particularly due process, equal

protection laws, state and federal banking laws.


## <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION</u>

<u>DEFENDANT FILES PRELIMINARY OBJECTIONS UNDER PA. R.C.P. 1028;</u>

<u>CORRECT NAME OF PARTY UNDER RULE 1033; AND MOTION TO DISMISS</u>

<u>PLAINTIFF'S COMPLAINT</u>


## <u>COUNT NUMBER 1; PLAINTIFF'S LACK OF LEGAL STANDING</u>

          NOW COMES, Defendant Michael L. Paoletta, Propria Persona, files his Preliminary Objections to Plaintiff's Complaint moving to amend[1] and/or correct the name of the parties, and this Motion to Dismiss serves as Defendant's Preliminary Objection in response to the Plaintiffs Complaint;

1.  The Plaintiff is not Sears. Sherman Acquisitions Limited Partnership is not the assignee of Sears. The Plaintiff is the Attorney Debt Collector Stock & Grimes, LLP or it could be Sherman Acquisition Limited Partnership, who is a debt collector.[2]

2.  The Defendant files Preliminary Objections on the ground that this Stock & Grimes, LLP, are debt collectors,[3] who "regularly" engages in consumer-debt-

---

[1] Pa. Rules of civil Procedure, Rule number 1033

[2] Title 15 USCA section 1692(a)(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692 f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

[3] HEINTZ v. JENKINS C.A. 7 (Ill.) (1995) 115 S. Ct. 1489, 514 U.S. 291, 131 L. 2d 395; JUSTICE

3

collection activity, even when that activity consists of litigation in complete contravention to the laws of this Commonwealth[4], and of this United States.[5]

3. The Defendant demand that Plaintiff places in evidence all accounting ledgers and cannot give mere opinion evidence, such as affidavits in support of any complaint not just attesting to what Plaintiff's records show, but must place in evidence the original signed contract, complete ledgers themselves, showing that Plaintiff made full disclosure, valuable consideration was given or otherwise any opinion affidavits, or statements made by Plaintiff by and through its counsel are mere hearsay evidence.

4. The Complaint by Plaintiff never alleges any consideration on the part of the Plaintiff, nor has the Plaintiff provided any evidence that it ever incurred a financial loss, or any loss whatsoever, or that their exists any requirements of contractual consideration by the Plaintiff, see UCC §3-303(a) " a holder takes the instrument for value to the extent that the agreed consideration has been performed.

5. The alleged debt has been disputed directly to Sears, Sherman Acquisitions, Hanna & Hanna and each has been notified that there is a claim against any negotiable instrument(s) that they could have having my fraudulently obtained signature. See UCC §3-305(a)(1)(iii), resulting in fraud in the inducement. (Am Jur 2nd , 17A Contracts, page 236).

6. Plaintiffs have not presented any variable evidence to substantiate their Complaint. The Plaintiff has committed fraud in the inducement, failure of consideration, deceptive business practices, violated the truth In Lending Laws, material alterations and **no competent witness.**

---

BREYER delivered the opinion of the Court. The issue before us is whether the term "Debt Collector" in the Fair Debt Collection Act, 91 Stat,874, 15 U.S.C. 1692-1692o (1988 ed. Supp. V), applies to a lawyer who "regularly," through litigation, tries to collect consumer debts. The court of appeals for the Seventh circuit held that it does. We agree with the Seventh circuit and we affirm its judgment.

[4] Title 73 P.S. chapter 42, section 2207.03 "Debt Collector" (1) a person not a creditor conducting business within this Commonwealth, acting on behalf of a creditor, engaging directly or indirectly in collecting a debt owned or alleged to be owed a creditor or assignee of a creditor.

[5] Pursuant to title 15 USCA 1692(i): (b) Authorization of actions: **Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

7. The Plaintiff, Stock & Grimes, LLP and/or Stock & Grimes, and Edward Stock, Esquire, herein known as Stock & Grimes, LLP is a Debt collector who is perpetrating a fraud[6] upon on this Court, and the rights of this Defendant and has no legal standing to commence the claim in this Court[7], and further Plaintiff, Stock & Grimes, LLP, has no legal standing to initiate legal action.

8. The Plaintiff, Stock & Grimes, LLP submitted documents to this Court that state plainly on their face, that it is a debt collector[8].

9. The Plaintiff, Stock & Grimes, LLP moved in a deceptive practice in violation of the laws of this Commonwealth[9], and this United States.[10]

Note: In the caption, Stock & Grimes, P.C. refer to Sherman Acquisition Limited Partnership as the assignee of Sears and in the first paragraph Sherman Acquisition Limited Partnership now becomes the purchaser from and assignee of Sears. In Black's Law dictionary, sixth ed. The two terms are not interchangeable. If they are the assignee, what and when did Sears assign it? If Sherman has something then produce it. If Sherman purchased something from Sears, the logical questions should be, first, what and when did Sears sell them and secondly, what did they pay in order to get whatever they got?[11] I think that if Sherman Acquisitions Limited Partnership, Stock & Grimes, LLP and/or Mr. Stock wanted to produce the competent evidence in questions, one would think that would be very possible. Is it not a security violation to lose something that could be possibly that valuable?

---

[6] **Pursuant to Pa. R.C.P. 1028(a)(5): Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: (5) [L]ack of capacity to sue,**

[7] Pursuant to title 15 USCA 1692(i): (b) authorization of actions Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

[8] Plaintiff has served in this honorable court a Civil Action-Law, Complaint in Mortgage Foreclosure and the caption page is clearly marked, "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

[9] Title 73 P.S. chapter 42, 2270.4. Unfair or deceptive acts or practices (a) By debt collectors.—It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act. (Public Law95-109, 15 U.S.C. §1692 et seq.).

[10] Title 16 CFR-Chapter 1 – Part 901, This part establishes procedures and criteria whereby States may apply to the Federal Trade commission for exemption of a class of debt collection practices within the Pennsylvania Rules of Court, State, Rules of civil Procedure, rule 1033

[11] Holcomb v. Wyckoff, N.J. Supp, 35 N.J.L. 1870 Lexis 57. the court ruled that the purchaser is only entitled to recover the consideration for which he paid for the notes plus interest. (not the face amount)

5

**WHEREFORE**, the Defendant, Michael L. Paoletta, demands of this Court to dismiss this action with prejudice for all of the reasons listed above and in the name of justice.

## COUNT 1I: Plaintiffs Complaint Fails to Conform to Pa. R.C.P. 2002

10.     Paragraphs one (1) through nine (9) of Defendant's Preliminary Objections to Plaintiffs Complaint are incorporated herein by reference as if fully set forth below.

11.     Plaintiffs filed a Complaint against defendant in this matter. A true and correct copy of the Plaintiffs Complaint is attached hereto as 'Exhibits DA, DA1, DA2 and DA3'.

12.     Plaintiffs paragraph one (1) is confusing, misleading and fails to state with specificity just who or whom the Real Parties In Interest are per Pa. R.C.P 2002.

13.     The Plaintiffs Complaint being defective, does not state with specificity just who or whom the Real Parties In Interest are, must be dismissed with prejudice.

**WHEREFORE**, the Defendant, Michael L. Paoletta, demands of this Court to dismiss this action with prejudice for all of the reasons listed above and in the name of justice.

## COUNT II1: Plaintiffs Complaint Fails To Conform to Pa. R.C. P. 1019

14.     Paragraphs one (1) through thirteen (13) of Defendant's Preliminary Objections Plaintiffs Complaint are incorporated herein by reference as if fully set forth below.

Plaintiffs paragraph three (3) states as follows:

"The Defendant purchased various merchandise and services from the Plaintiff on the following line of credit: Credit Card Account No. 0661150581022."

15.     Pa. R.C.P. 1019(h) requires that:

6

"When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written."

*Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.

16.    The explanatory comment to Rule 1019 states as follows:

"Present subdivision (h) of Rule 1019 governs the pleading of writings. It is revised to apply to agreements. The pleading must state if an agreement is oral or written."...."A note advises that a written agreement must be attached to the pleading as provided by subdivision (i). The Supreme Court of Pennsylvania has amended rule 1019 governing the pleading of agreements and writings generally when claims or defenses are based upon them. The new Subdivision (i) clearly states, "the new subdivision is derived from present subdivision (h) and provides that a writing or the material part thereof be attached to the pleading. Written agreements are "writing" and thus subject to the rule." In Plaintiff's Complaint there is not agreement.

17.    The Plaintiffs Complaint being defective because 1019i states with specificity that the written agreement or written as required by Rule 1019(h), must be attached to the Complaint, however, it was not, so the complaint is defective and must be dismissed with prejudice.

**WHEREFORE**, the Defendant, Michael L. Paoletta, demands of this Court to dismiss this action with prejudice for all of the reasons listed above and in the name of justice.

## COUNT IV: Plaintiffs Verification Fails To Conform to Pa. R.C.P. 1024

18.    Paragraphs one (1) through seventeen (17) of Defendant's Preliminary Objections to Plaintiffs Complaint are incorporated herein by reference as if fully set forth below.

19.    The verification to Plaintiffs Complaint was not made by anyone listed in the misleading and confusing paragraph one (1) to Plaintiffs Complaint as a purchaser, assignee or servicer with a Limited Partnership or duly authorized to do business in Texas, Delaware or

7

this Commonwealth. The verification was signed by one Edward Stock, Esquire of Stock & Grimes, P.C. of Jenkintown, PA.

20.     Pa. R.C.P. 1024(c) requires that:

"The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification on none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge of information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party".

21.     The verification to Plaintiffs Complaint was not taken by any party as stated within the confusing and misleading paragraph one (1) of Plaintiffs Complaint, it was signed by Attorney, Edward Stock, and could not possibly be understood by the person signing the verification due to the paragraph's confusing nature, and does not set forth the source of the information as to the matters contained in the complaint as prescribed within Pa. R.C.P. 1024(c).

The verification to Plaintiffs Complaint is defective under Rule 1024(c).

Signora v. Kaplan, 33 D&C. 4th (1996) states the following:

"4 Standard Pa. Practice 2d, ch. 21 § 21:29 states that as a general rule, a party's pleading may not be verified by that party's attorney. Further, unless all requirements of Pa. R.C.P. 1024 are met, verification by counsel is inappropriate. 3 Standard Pa. Practice 2d, ch. 16 § 16:39. It is recognized that verification is the manner is which a party attests to the truthfulness of the pleading. Without a proper verification the pleading is of little value to the court." 3 Standard Pa. Practice 2d, ch. 16 § 16:35. "A court will not treat verification lightly or as a procedural formality; the law requires verification and without it, a statement of claims is a mere narration which amounts to nothing." *Id.*

22.     Rupel v. Bluestein, 280 Pa. Super. 65, 421 A2d. 406 (1980), the court noted that the rules should be liberally construed, but also stated that a complaint is defective where it is verified by the petitioner's attorney and fails to state which allegations were made on the basis of the verifying attorney's knowledge and what the source of the attorney's information is in regards to the matters not within his knowledge.

Attorneys are not permitted to by the rules of professional conduct to testify on behalf of their client. Nor are attorneys permitted to testify to matters based on information

and belief that have been related to them by their client (s). If the alleged creditor has any original documents attesting to their claim they must bring in competent fact witnesses to support their contentions and they must have supporting documentation to prove and verify the existence of a valid lawful claim against Defendant. Being that the verification is defective and attorneys can not testify on behalf of their client then Plaintiffs Complaint is not properly verified and do not have a expert witness as required of a pleading under Pa. R.C.P. Rule 1024, must be dismissed with prejudice.

Mr. Stock and or Stock & Grimes, LLP have not reviewed Defendant's file and cannot attest to the existence of any competent evidence (original note-instrument or agreement or numerous requests for validation under "The Fair Debt Collection Practices Act" has ever been produced. So the debt collecting law firm of, Stock & Grimes, LLP, and Sherman Acquisitions Limited are deprived of subject matter jurisdiction by an Act of Congress for violations of Title 15 U.S.C. §1692a-o. Clearly and unequivocally this Complaint is to be considered as an unauthorized action. See Black's law dictionary (6th edition page 284, defines competent evidence as; "That which the very nature of the thing to be proven requires, as, the production of a writing where its contents are subject of inquiry."

And Nash v. Lerner, 709 A.2d 799, (1998 App. Div.), and "for purposes of Evidence Rule 602, requiring witness to have "personal knowledge" of a fact which can be perceived by the senses only if he had opportunity to observe and actually observed the facts, and; 1. Stock & Grimes, P.C., and Mr. Stock, Sherman Acquisitions, Sears and Hanna & Hanna have not been able to verify the existence of a valid claim against

9

Defendant; 2. Whoever the Plaintiff is in this case and especially Mr. Stock, Esquire and Stock & Grimes, LLP lack sufficient knowledge and information to determine as to the truth or falsity as to authenticity of this alleged debt.

Had Stock & Grimes, LLP and Mr. Stock examined the entire case they would have found numerous request for validation of the purported debt under Title 15 U.S.C. §1692 g(4). Stock & Grimes, P.C. and Mr. Stock proceeded with this Complaint in direct violation or the validation section (s) of the "Fair Debt Collection Practices Act," or have violated §1692g(3) (must examine the complete file) The documents presented with this Preliminary Objections clearly show lack of conformity to state and federal law by Stock & Grimes, LLP and Mr. Stock, Esquire. Notice is hereby given that Stock & Grimes, LLP and Mr. Stock, Esquire, are committing a fraud upon this court in direct violation of "Fair Debt Collection Practices Act" and are punishable by civil action, criminal actions, and other actions to which the Aggrieved Party is entitled as a matter of law.

**WHEREFORE**, the Defendant, Michael L. Paoletta, demands of this Court to dismiss this action with prejudice for all of the reasons listed above and in the name of justice.

## COUNT IV: Plaintiffs Complaint Notice Print Size Is Not Of Proper Size And Is Not Readable

10

23.     Paragraphs one (1) through twenty two (22) of Defendant's Answer to Plaintiffs Complaint are incorporated herein by reference as if fully set forth below.

24.     Plaintiffs Complaint Notice print size is not readable due to the small size print utilized within the Notice.

25.     Without a proper Notice To Defend per Pa. R.C.P. 1018.1, the Prothonotary cannot enter a default judgment.

26.     Pa.R.C.P. 237.5 states the following:

**Form of Notice of Praecipe to Enter Judgment by Default**

Explanatory Comment—1994
*Form of Notice*

**"The form of notice to be given when a default judgment is sought is adapted from the** notice to defend which Rule 1018.1 requires on every complaint." (emphasis added)

27.     The Notice must be readable and understandable for it to comply to Pa. R.C.P. 1018.1, the Plaintiffs Notice is not readable due to its small print in the Notice.

28.     Without the appropriate Notice To Defend with proper font size, this court cannot rule in favor of a judgment for a Plaintiff if the Complaint is NOT answered within the twenty (20) days.

**WHEREFORE**, the Defendant, Michael L. Paoletta, demands of this Court to dismiss this action with prejudice for all of the reasons listed above and in the name of justice.

## COUNT V: Plaintiffs Complaint Caption Per Pa. R.C.P. 1018 Is Confusing As To Who And/Or Whom Is/Are The Plaintiffs

29.     Paragraphs one (1) through twenty-eight (28) of Defendant's Answer to Plaintiffs Complaint are incorporated herein by reference as if fully set forth below.

Pa. R.C.P. 1018 Caption states the following:

11

"Every pleading shall contain a caption setting forth the name of the court, the number of the action and the name of the pleading. The caption of a complaint shall set forth the form of the action and the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side in the complaint with an appropriate indication of other parties".

30.     The Plaintiffs Complaint names as many as four (4) persons and or entities who are part of the Complaint per Pa. R.C.P. 1018, it is unclear just who or whom is/are actually filing the Complaint and lacks Plaintiff specificity within the Caption.

**WHEREFORE**, the Defendant, Michael L. Paoletta, demands of this Court to dismiss this action with prejudice for all the reasons listed above and in the name of justice.

# NEW MATTER

## COUNT VI: ATTORNEYS DO NOT HAVE AUTHORITY TO PREPETRATE FRAUD ON THIS COURT.

IN REPRESENTATION OF A CLIENT, A LAWYER SHALL NOT:

Paragraphs one (1) through thirty (30) of Defendant's Preliminary Objections to Plaintiff's Complaint are incorporated herein by reference as if fully set forth below.

31.     file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious and or he should know that such action would serve merely to harass or maliciously injure another.

32.     Knowingly advance a claim or defense that is unwarranted under existing law.

33.     Conceal or knowingly fail to disclose that is required by law to reveal.

34.     Knowingly use perjured testimony or false evidence.

35.     Knowingly make false statement of law or fact.

12

36.     Participation in the creation or preservation of evidence when he knows it is obvious that the evidence is false.

37.     Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

38.     Knowingly engage in other illegal conduct or conduct contrary to his Disciplinary Rules.

39.     A Lawyer who receives information clearly establishing that:

His client has, in the course of the representation, perpetrated a fraud upon person and/or tribunal, shall promptly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the effected person or tribunal.

Any attorney acting contrary to the Conons of Ethics is outside his delegation of authority to represent his client. Therefore, Stock & Grimes, LLP robs this Court of its Subject Matter Jurisdiction. Efforts by Stock & Grimes, LLP and Mr. Stock, Esquire, your alleged client(s), or your alleged client's agents, employees, or officers that your efforts to collect this purported debt is in violation of title 15 U.S.C. §192a-o and is punishable by civil action, criminal actions and other private actions to which I am entitled as a matter of law. Notice is hereby given that Title 15 U.S.C. §1692 establishes in Sub parenthesis (e) of the "Fair Debt Collection Practices Act" the statute establishes, "False or misleading representation" in connection with the collection of any debt is a violation of Act. Among other things, said false, deceptive and misleading representation include the false representation of the character or legal status or legal amount of any debt. It also makes the

13

threat to take action that cannot legally be taken a deceptive practice. And any court filings for the purpose of harassing, confusing, misleading, taking unfair advantage and other violations of state and federal law is in violation of and not only limited to 1692. Your filing a Complaint in small claims Court and not showing up for Court was nothing more than unfair, deceptive misleading, based upon fraud and misrepresentation and in violation of ACT.

## UNCLEAN HANDS DOCTRINE

The clean hands doctrine is based upon the maxim of equity that he who comes into equity must come with clean hands. The clean hands doctrine in substance provides that no person can obtain affirmation relief in equity with respect to a transaction in which he has, himself, been guilty of inequitable conduct. The Plaintiff should be denied relief by this Court of equity based on the fundamental maxim of law that actions of Plaintiff has been inequitable, unfair and dishonest, or fraudulent, unconscionable, willfully concealing, withholding, falsifying books and records and other deceitful measures relating as to the controversy in issue. This Court should not permit Plaintiff to rely on their wrongful conduct to recover. In "Zeferopulos v City of Chicago, 206 ILL. App.3d 904, 565 N.E. 114 (1991), "it is well settled that where a court lacks subject-matter jurisdiction, it cannot be conferred by stipulation, consent or waiver and where subject-matter jurisdiction is absent, the court should decline to proceed further in the cause." See City of Marseilles v Radke, 287 ILL. App.3d 757, 679 N.E. 2d 125, (1997)

Further, we have stated that a party "may be denied relief where his conduct has been unconscionable by reason of a bad motive, or where the result induced by his conduct will be

unconscionable either in the benefit to himself or the injury to others." Johnson v Freberg, 178 Minn.594, 597-98 N.W. 159, 169 (1929)

"It is well-settled law "that a party who has been guilt of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends." Metropoltan Dade county v. Martinsen, 736So. 2d 794, Fla.App.3 dist. (1999). See, Honono v. Murphy, 723 So. 2d 892, 895 (Fla. 3d DCA 1998); Cox v.Burke, 706 So. 2d 43, 47 (Fla. 5th DCA 1998).

The Defendant also agrees with the Fifth District as stated so eloquently in Cox, 796 So. 2d at 47, that, "the integrity of the civil litigation process depends on truthful disclosure of facts".

The Defendant states that this court will error in its discretion if it fails to dismiss Plaintiff's action.

Note: A NOTE VOID IN THE HANDS OF THE PAYEE, BECAUSE OBTAINED BY HIM OF THE MAKER BY FRAUD, IS COLLECTIBLE IN THE HANDS OF A SUBSEQUENT BONA FIDE HOLDER WHO HAS TAKEN IT BEFORE MATURITY FOR VALUE; BUT IF SUCH HOLDER HAS PAID ON SUCH TRANSFER A LESS SUM THAN THE AMOUNT OF THE NOTE, HE CAN ONLY RECOVER THE AMOUNT WHICH HE, OR SOME PRIOR HOLDER THROUGH WHOM HE DERIVES TITLE, HAS PAID FOR IT.

## CONCLUSION

1.   The Plaintiff has failed to produce competent witness and the only witness in this case is an attorney for the Plaintiff. The Plaintiff's attorney can not offer or give any testimony.

2.   Without a competent witness, the Court has no subject matter jurisdiction.

15

3.    Plaintiff has failed to produce an original contract signed by

Defendant. The court lacks subject matter jurisdiction.

4.    If Preliminary Objections are refused, Defendant will be denied due

process of law and therefore this Court lack subject matter jurisdiction.

Wherefore, based on The Plaintiff's lack of legal standing[12] to pursue this cause of action under the laws of this Commonwealth, the Defendant respectfully begs of this honorable Court:

1)   To allow the Defendant's request and adopt this document as such Preliminary Objections in the interest of Justice.

2)   Dismiss the Plaintiff's complaint with prejudice for its failure to state a proper claim upon which relief shall be granted under the laws of this Commonwealth.[13]

3)   That the Defendant recover reasonable cost and

4)   For such further relief that this honorable Court deems just and propler under the laws of this commonwealth,[14] and this United States.[15]

For the sake of Justice, I am

Very respectfully yours;

*Michael L Paoletta*   PRO PRia Persona

---

[12] see Statement of Fact. Page 17

[13] Pursuant to Pa. R.C.P. 1512 1512: the court may enter a nonsuit against the Plaintiff under the same circumstances, subject to review in the same manner and with the same effect as in action at law.

[14] Title 73, P.S. chapter 42, section 2270.5. enforcement and penalties (a) Unfair trade practices,--If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitutes a vilation of the act of December 17, 1968 (P.L. 1224 No. 387, Known as the Unfair Trade Practices and Consumer Protection Law.

[15] Title 15 USCA Fair Debt Collection Practices Act.

16

# **Statement of Fact**

The United States Supreme Court ruled in Heintz v Jenkins that there are two strong reasons for believing that the Act applies to the litigating activities of lawyers.

1, the Act defines by definition exactly who is a debt collector. And by the admission of Stock & Grimes, P.C. and Mr. Stock, Esquire on Court document(s) admit such.

2, Congress enacted the original FDCPA in 1977 and one statute expressly exemption lawyers from the Act. However, in 1986 this stature was specifically repealed placing all debt collectors, including 1692a(6) definition of lawyers.

The debt collecting law firm of Heintz went before the High Court and argued three main points,

A, Heintz argued that there was an implied powers within the Act that still exemption litigating lawyers. He reasoned that Congress simply could not have wanted lawyers to be subject to the Act and were restricted by the attorney exemption clause. Heintz raised other issues as well including harmful anomalous and still the High Court spoke concerning Heintz's first argument, "Particularly when read in this light, we find Heintz's argument unconvincing".

Congressional research will show that the question of exemption was highly debated on both the Senate as well as the House Floor and this exemption was removed. There is no implied powers of exemption. Heintz also argued that it would be odd that attorneys could not bring litigation. Justice Breyer recognized two distinct classification of lawyers, covered and non-covered or exempt and non-exempt. Breyer made this perfectly clear, "there are exception within the Act that permit attorney litigation," Breyer explained the exceptions as being, a creditor bringing the suit himself and the exceptions under 1692a(6)(F)(ii) and (iii). Mr. Stock, this excludes you from being exempted by the Act. You are hereby classified by the United States Supreme Court as being covered by the Act so therefore, You lack legal standing to bring this suit because you are a debt collector. (1692a(6) 1692i)

B, Heintz points to Congressional statements of Congressman Frank Annunzio, "The Act only regulates the conduct of debt collectors, it does not prevent creditors, through their attorneys, from pursuing any legal remedies available to them," 132 Cong. Rec. 30842 (1986).

The Supreme Court examined those documents to actually determine Congressional intend and the Supreme Court ruled, "this statement, however, does not persuade us." In the decision of the High Court they did take into account Congressional Records, statements of our elected officials, and ruled on Heintz's second argument, "This statement, however does not persuade us." And for one thing these remarks were made after the FDCPA and/Act had passed both

17

Houses of Congress and signed into law by President Reagan. Heintz's second argued was denied.

C,       Finally, Heintz points to the "Commentary" on the Act by the Federal Trade Commission's staff. It says:" Attorneys or law firms that engage in traditional debt collection activities (sending dunning letters, making collection calls to consumers) are covered by the {Act}, but those whose practice is limited to legal activities are not covered." 53 Fed.Reg. 50097, 50100 (1988).

Breyer once again spoke for the High Court and said, "We cannot give conclusive weight to this statement. The Commentary of which this statement is a part says that it "is not binding on the Commission or the public." Breyer continued, "More importantly, we find nothing either in the Act or elsewhere indicating that Congress intended to authorize the FTC to create this exception from the Act's coverage-an exception that, for the reasons we have set forth above, falls outside the range of reasonable interpretations of the Act's express language."

The United States Supreme Court ruled, "For these reasons, we agree with the Seventh Circuit that the Act applies to attorneys who "regularly" engage in consumer-debt collection activity, even when that activity consists of litigation. Its judgment is therefore," "AFFIRMED".