```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL PAOLETTA,            :    CIVIL NO. **1:05-CV-0553**
                             :
       Plaintiff       :    (Magistrate Judge Smyser)
                             :
   v.                        :
                             :
STOCK & GRIMES, LLP,         :
*et al.*,                    :
                             :
       Defendants      :


**MEMORANDUM AND ORDER**


      This is a civil action brought by an individual, Michael L. Paoletta, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,*et seq.*, and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*

      The court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337 and 1391(b).

      The amended complaint (Doc. 13) alleges that defendant Sherman Acquisitions, L.P. purchased and was assigned a debt owed by the plaintiff to Sears, Roebuck & Co. or Sears National Bank.  It is alleged that Sherman is not licensed to do business in the Commonwealth or registered with the Pennsylvania Department of State.  Defendant Stock and Grimes, LLP, is a Jenkintown, Pennsylvania law firm.  Defendant Stock and defendant Grimes are attorneys.   Defendant Ressler & Ressler is a Jenkintown, Pennsylvania law firm.  Defendant Paul Ressler is an attorney.

The complaint states that at all pertinent times the defendants were hired to collect a debt relating to medical services originally owed to Sears. The plaintiff sent a letter of dispute to Sears seeking validation of the debt, on November 30, 2001. Sears did not respond. On September 22, 2003, an attorney for Sherman sent a letter to plaintiff Paoletta in which it was stated that Sherman had purchased the debt from Sears with a validation notice. On September 26, 2003, Paoletta responded stating that the debt was in dispute and requesting verification from Sherman "of account including but not limited to executed promissory note on the account, executed negotiable instruments on the account, contract between Sears and Paoletta on the account and accounting ledgers on the account", Doc. 13, ¶18, to which no response was received. In January of 2004, an employee of Stock & Grimes or of Ressler & Ressler, or of both, told Paoletta that "we will send the sheriff to your home" before validation of the debt.

On January 30, 2004, defendant Sherman, through defendant Stock and on behalf of defendant Ressler & Ressler, filed a debt collection civil complaint in Magisterial District Court in Cumberland County, Pennsylvania. A hearing was scheduled for March 24, 2004. On February 24, 2004, defendant Stock and defendant Stock & Grimes sent a letter to the plaintiff stating a hope that an "amicable resolution of this matter to avoid the necessity for our having to attend the hearing" could be achieved. Then, no defendant attended the

Case 1:05-cv-00553-JAS   Document 39   Filed 12/27/05   Page 3 of 7

hearing.  The civil case was dismissed on March 19, 2004.  A Notice of Judgment was entered in favor of plaintiff Paoletta.

Defendants Sherman, Stock, Stock & Grimes and Ressler & Ressler appealed the judgment.  They filed a civil action complaint setting forth a claim identical to that as to which a judgment had been entered.  The disposition of that civil action is not stated.

The plaintiff asserts that he has suffered injuries and sustained damages as the result of the alleged conduct of the defendants.  He alleges that the defendants violated the FDCPA by:

>     a.  Making false representation of the character, amount, or legal status of any debt allegedly owed by Plaintiff Paoletta;
>     b.  Making false representation of any service rendered or compensation, which may be lawfully received by any debt collector for the collection of a debt;
>     c.  Failing to produce any original documents of the alleged debt including actual existence of a promissory note by representing to have original documentations when in fact they could not be produced;
>     d.  Making false representation that Sherman Acquisition, L.P., as Assignee of Sears, when it is not the holder in due course of the alleged debt;
>     e.  Making false representation that Sherman Acquisition, L.P., as Assignee of Sears, actually purchased any alleged debt from Sears;
>     f.  Making false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney;
>     g.  Placing false and derogatory information on Plaintiff Paoletta's credit report on a debt, which remains in dispute;
>     h.  Threatening legal action during the debt validation request period in a manner that over shadowed the notice of validation rights and would create confusion for the least sophisticated consumers about their rights;
>     i.  Failing to provide verification of the debt and continuing its debt collection efforts after the

3

>     Plaintiff had disputed the debt within thirty days of receiving first notice;
>     j.  Making false representation regarding ability to bring suit when no legal standing exists to bring this action;
>     k.  Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the plaintiff;
>     l.  Engaging in conduct the natural consequence of which is to annoy, harass, oppress, or abuse any person in connection with the collection of a debt;
>     m.  Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and
>     n.  Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

Doc. 13, 7-8.

On June 8, 2005, defendants Ressler & Ressler, P.C. and Paul Ressler filed a motion to dismiss the amended complaint and a brief in support of that motion.  On June 10, 2005, defendants Stock, Grimes, and Stock & Grimes, LLP, filed a motion to dismiss the amended complaint and a brief in support of that motion.  On June 24, 2005, the plaintiff filed a brief in opposition to each of the motions to dismiss.  On July 7, 2005, the moving defendants filed one consolidated reply brief in support of both of the motions to dismiss the amended complaint.  Without seeking leave of court to do, on July 18, 2005, the plaintiff filed a sur reply brief.

Defendant Sherman, which filed an answer to the amended complaint on July 18, 2005 (Doc. 27), filed a motion for summary judgment on December 15, 2005.  Doc. 37.  A brief in support of that motion was filed on the same date.  Doc. 38.

We will address the motions to dismiss the complaint herein.  For the reasons which follow, the motions will be denied.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The defendants argue that the FDCPA does not create a cause of action for the conduct of litigation other than for

5

filing a civil action in an improper venue. The authority cited for this assertion of the statute's coverage is 15 U.S.C. § 1592i. That section defines and limits venues for a legal action on a debt against a consumer. No other authority is cited. Moreover, the defendant does not relate the argument to particular allegations of the complaint, which involves at least two state court civil actions but which also involves events occurring before civil litigation and also events outside of the scope of the civil litigation. The defendants have failed to show that the complaint should be dismissed on this basis.

The defendants argue that the complaint should be dismissed as to any "pre-litigation conduct" because there are not allegations of the personal involvement of the defendants in pre-litigation conduct. The defendants have not undertaken to analyze the amended complaint as to the allegations reasonably seen to be stated therein, considering the pleading requirements under the Federal Rules of Civil Procedure, as to each defendant. The amended complaint is reasonably construed to state that all of the defendants were personally involved in unfair pre-litigation debt collection practices.

The defendants assert general arguments that since the FDCPA claims should be dismissed the state law (FCEUA) claims should be dismissed. However, in that we do not agree that the FDCPA claims should be dismissed, we do not find a basis to be presented for the dismissal of the state law claims.

6

The final argument of the defendants is that Sherman Acquisitions was not required to register in Pennsylvania. The materiality of the issue whether this defendant was required to be registered in Pennsylvania to the resolution of the claims in this case has not been developed in the briefs, nor has the law relating to the merits of this issue.  This issue will not be addressed further at this stage.

The motions to dismiss the complaint will be denied.

IT IS ORDERED that the motions of defendants Stock & Grimes, Stock, Grimes, Ressler & Ressler, and Ressler to dismiss the complaint (Docs. 15, 17) are **DENIED**.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

DATED: December 27, 2005.